# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DR. PAM ANDERSON, WANDA | : | |
| SMITH, OPHELIA BURROUGHS, | : | |
| MARY BAKER,  DR. ALIEKA | : | |
| ANDERSON and CHARLTON | : | |
| BIVINS, in their official capacities | : | CIVIL ACTION |
| as members of the Clayton County | : | |
| Board of Education and individually | : | FILE NO. |
| as residents and voters in the | : | |
| Clayton County School District, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CLAYTON COUNTY | : | |
| ELECTIONS AND | : | |
| REGISTRATION BOARD, | : | |
| ROBERT P. BOLIA, PATRICIA | : | |
| PULLAR, RUTH F. ASH, VIVIAN | : | |
| BALDWIN AND JIM | : | |
| CONSTABLE, in their official | : | |
| capacities as members of the | : | |
| Clayton County Elections and | : | |
| Registration Board, and the STATE | : | |
| OF GEORGIA, as representative of | : | |
| the Georgia Legislature, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELEIF

**COME NOW,** DR. PAM ANDERSON, WANDA SMITH, OPHELIA BURROUGHS, MARY BAKER, DR. ALIEKA ANDERSON and CHARLTON BIVINS, in their official capacities as members of the Clayton County Board of Education and individually as residents and voters in the Clayton County School District, Plaintiffs in the above-styled action ("Plaintiffs"), and, for their Complaint for Declaratory, Injunctive, and other Relief, show this Court as follows:

## Nature of the Case

1.

This is an action challenging the constitutionality of the current Clayton County Board of Education Member Districts ("BOE Districts"). This constitutional challenge is brought under 42 U.S.C. § 1983 and the Equal Protection Clause of the United States Constitution, as well as the Constitution of the State of Georgia, inasmuch as the present BOE Districts are so disproportionate in population that they violate the principle of "one person, one vote" and the continued use of such districts cannot be justified as furthering a compelling governmental interest. Plaintiffs seek a declaration that, because of the disproportionate sizes of the current districts, their continued use in future elections, including the election scheduled for 2012 is unconstitutional. Plaintiffs also ask that the Court implement a new redistricting plan consistent with constitutional requirements. Plaintiffs also request injunctive relief,

prohibiting further Board of Education ("BOE") member qualifications from being determined or elections from being conducted under the present districts.

## Statement of Jurisdiction

2.

This action arises under Article 4, § 2, the Fourteenth Amendment to the Constitution of the United States and Article I, § I, ¶ II of the Constitution of the State of Georgia. This action is brought under 42 U.S.C. §§ 1983 and 1988.

3.

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 2201. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) (1) and (2).  Defendants all reside and/or function as entities within the Northern District of Georgia and are subject to personal jurisdiction in this Court.

2.

Plaintiffs have complied with the provisions of O.C.G.A. § 21-2-32(g) by providing a copy of this action to the Chair of the Georgia State Election Board via certified mail and/or statutory overnight delivery.

## Parties

3.

Plaintiffs are all residents and citizens of the State of Georgia and of Clayton County, and are registered to vote in school board member and all county elections

in Clayton County.  All will be adversely affected by the use of unconstitutional voting districts in the upcoming 2012 school board elections.  Plaintiffs all intend to vote in the upcoming election.

4.

Defendants ROBERT P. BOLIA, PATRICIA PULLAR, RUTH F. ASH, VIVIAN BALDWIN AND JIM CONSTABLE (hereinafter referred to as the "Elections Board Defendants") are the current members of the Clayton County Elections and Registration Board ("Elections Board"), with ROBERT P. BOLIA serving as its current President.  The Elections Board Defendants are charged with the duty of assuring constitutional elections in Clayton County, Georgia.

5.

The Elections Board is responsible for conducting elections in Clayton County, Georgia. The Elections Board has the lawful duty to: receive notices of candidacy and qualifying fees from candidates seeking election to the Clayton County BOE; prepare and publish all notices and advertisements in connection with the conduct of elections; transmit to the Secretary of State a copy of any publication in which a call for an election is issued; prepare, equip and furnish polling places; count all ballots; and certify the results of all elections as prescribed by law.

6.

All of the Elections Board Defendants are sued in their official capacities. All of the Elections Board Defendants act in their official capacities under color of state law. However, since the Clayton County School District's election districts are in violation of the equal protection clause and the one person, one vote principle as set forth below, the Elections Board Defendants' actions with respect to the conduct of elections under the existing BOE District lines are outside the scope of their authority in those capacities.

7.

The State of Georgia is included in this lawsuit since it is the representative for the Georgia General Assembly, and, as such, is a party interested in the outcome of this case.  Furthermore, should this Court choose to require the Georgia General Assembly to vote on the Clayton County BOE's proposed BOE Districts, or an alternative plan, the State of Georgia must be a party to this case for such an order from this Court to bind the State of Georgia.

8.

Plaintiffs desire and intend to participate in the electoral and political processes of Clayton County, including the 2012 BOE elections, on the basis

of representational equality with other citizens of Clayton County and not to
have their voting strengths diluted or debased through use of the existing BOE
District by which the nine members of the BOE are eligible to and do run for
office. The disproportionate size of the current BOE Districts adversely affect
Plaintiffs and deprive them of their rights under 42 U.S.C. § 1983 and the
Equal Protection Clause of the Fourteenth Amendment of the United States
Constitution.  Furthermore Plaintiffs WANDA SMITH, OPHELIA
BURROUGHS and MARY BAKER's seats on the BOE are up for re-election
in 2012 and they intend to run for re-election to the BOE.  Consequently, they
must qualify to run for re-election based upon the current BOE Districts. The
qualification to run for re-election to the BOE occurs on May 23, 2012.

## Factual Background

9.

Clayton County has nine (9) BOE districts.  DR. PAM ANDERSON
resides in and votes in BOE District 1.  WANDA SMITH resides in and votes
in BOE District 2.  JESSIE GOREE resides in and votes in BOE District 3.
MICHAEL KING resides in and votes in BOE District 4.  OPHELIA
BURROUGHS resides in and votes in BOE District 5.  MARY BAKER resides
in and votes in BOE District 6.  TRINIA GARRETT resides in and votes in

BOE District 7.  DR. ALIEKA ANDERSON resides in and votes in BOE

District 8. CHARLTON BIVINS resides in and votes in BOE District 9.

10.

Pursuant to the results of the 2010 Decennial Census, the population of the

various Clayton County BOE Districts has shifted dramatically. In particular, due

to the substantial population increase recorded in BOE Districts 1 and 9, the voters

in those areas of Clayton County have seen the impact of their vote diminished

greatly.

11.

The nine BOE Districts have not been reapportioned after the 2010 census.

12.

The shifts in population following the 2010 Decennial Census required the

redistricting of the Clayton County BOE Districts so that each of the nine BOE

Districts would have population that is as nearly equal as practicable.

13.

The Clayton County BOE itself devised and adopted a redistricting plan

on February 6, 2012, based upon 2010 census results.  This plan, a copy of

which is attached hereto as Exhibit "A", proposed the following populations for

each BOE District:

| DISTRICT | POPULATION |
|:---:|:---:|
| 1 | 28,291 |
| 2 | 28,954 |
| 3 | 28,316 |
| 4 | 29,009 |
| 5 | 29,011 |
| 6 | 28,837 |
| 7 | 28,353 |
| 8 | 29,353 |
| 9 | 29,300 |

14.

In devising its plan, the Clayton County BOE primarily attempted to reduce the deviations in populations between the current BOE Districts and as demonstrated by the 2010 Decennial census.  Additionally, the Clayton County BOE looked at boundaries for the BOE Districts that were more evenly distributed.

15.

The BOE's plan also achieved a less than two percent (2%) deviation in the populations of each district. The BOE agreed to the redistricting plan.

- 8 -

16.

The BOE's plan was presented to the Clayton County delegation of the 2012 General Assembly on February 15, 2012. A copy of the letter presenting the plan is attached hereto as Exhibit "B."

17.

While the BOE can submit and in fact did submit a redistricting plan to the Clayton County delegation of the 2012 General Assembly, only the Georgia General Assembly can reapportion the Clayton County BOE districts during a regular or special session. Although the 2012 regular session of the General Assembly has ended, no reapportionment plan for the Clayton County BOE Districts has been adopted and no special session for the purpose of reapportioning these districts has been called by the Governor. Upon information and belief, the General Assembly wanted to reduce the number of BOE Districts in Clayton County from nine to seven, but the General Assembly could not decide which two BOE Districts to eliminate. Consequently, this resulted in no new BOE Districts being passed to conform to 2010 Decennial census figures.

18.

The Clayton County BOE Districts, as presently configured, are accurately represented by Exhibit "A" attached hereto and incorporated herein. The districts as presently configured contain approximately the following populations:

| DISTRICT | POPULATION |
|---|---|
| 1 | 37,680 |
| 2 | 30,158 |
| 3 | 26,606 |
| 4 | 21,602 |
| 5 | 24,622 |
| 6 | 32,066 |
| 7 | 25,448 |
| 8 | 26,914 |
| 9 | 34,328 |

19.

Based on the above figures, the voting strength of District 1, 2, 6 and 9 voters is severely diluted, while voters in Districts 3, 4, 5, 7 and 8 have disproportionate voting strength.

20.

Qualifying for elections for Clayton County BOE is scheduled to be held May 23, 2012, with primary elections on July 31, 2012. Absent the relief sought herein, the Elections Board Defendants will qualify candidates for these positions using the current district boundaries which do not comply with the 2010 Decennial census data.

21.

Unless new BOE District boundary lines are established prior to the upcoming qualifying period and election, BOE members will be elected from unconstitutionally malapportioned districts.

22.

Use of the present BOE districts with their gross imbalance in population is so irrational on its face that its natural result will be to deprive voters of the benefit of the one person -- one vote principle since the BOE districts were created without regard to current population.

23.

The effect of leaving the existing BOE District lines in place will be to treat voters unequally, in contravention of the Equal Protection Clause and the "one person, one vote" principle.

24.

The Elections Board Defendants' actions are taken under color of State law, and have proximately caused the constitutional violations stated herein.

## EQUITY

25.

A genuine controversy exists between Plaintiffs and Defendants as to the matters asserted herein. Plaintiffs have no adequate remedy at law and no other way to guarantee their rights in connection with the upcoming qualifying period and election of BOE members other than through the relief sought in this lawsuit. Plaintiffs will suffer irreparable harm if the qualifying period and election are allowed to proceed under the current BOE District boundary lines, and the injury will continue until the existing lines are declared to be unlawful and their use enjoined by this Court.

## COUNT ONE: VIOLATION OF EQUAL PROTECTION ACTIONABLE UNDER 42 U.S.C § 1983

26.

Plaintiffs incorporate by reference the previous allegations contained in this Complaint.

27.

Article 4, § 2 of the United States Constitution provides that "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several

states." Pursuant to this and other provisions of the United States Constitution, the right to vote is a fundamental right guaranteed to U.S. citizens.

28.

The Fourteenth Amendment to the United States Constitution, § 1, provides: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

29.

Under the Fourteenth Amendment, it is unlawful for a state to create districts for public office with a gross imbalance in population.

30.

The current version of 42 U.S.C. § 1983 provides, in relevant part, as follows:

> Every person who, under color of any statue, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

- 13 -

31.

The Elections Board Defendants are "person[s]" and Plaintiffs are "citizens of the United States" within the scope of 42 U.S.C. § 1983.

32.

Plaintiffs intend and desire to participate in the electoral and political processes of Clayton County on the basis of equality with other citizens of Clayton County, including the 2012 County BOE elections.

33.

Plaintiffs' constitutional rights to such equality, namely their voting strengths, have been diluted and debased by the Election Board Defendants, acting under color of state law, through the use of the existing system of malapportioned districts by which members of the Clayton County BOE are elected.

34.

Leaving the Clayton County BOE District boundary lines unaltered and failing or refusing to alter them to conform to current population prior to the impending election will violate Plaintiffs' constitutional right to equal protection or will constitute gross disregard for such right.

35.

The configuration of the Clayton County BOE Districts violates the equal protection rights of all Clayton County voters to participate in an electoral process premised on districts equal in population.

36.

The configuration of the Clayton County BOE Districts is not narrowly tailored to further any compelling state interest.

37.

To remedy the Equal Protection violation alleged above, Plaintiffs are entitled to the declaratory and injunctive relief referenced in paragraph 1 hereinabove.

## COUNT TWO:  VIOLATION OF STATE CONSTITUTION

38.

Plaintiffs incorporate by reference paragraphs 1 - 37 of this Complaint as if fully set forth herein.

39.

The Clayton County BOE District lines, as currently drawn, will perpetuate significant population variances between education districts and in so doing will treat

voters unequally, in violation of Article I, Section I, Paragraph II of the 1983 Constitution of the State of Georgia.

**WHEREFORE,** Plaintiffs pray:

(a)     That the Court declare the present Clayton County BOE Districts to be unconstitutional and of no further force and effect;

(b)     That the Court enjoin the Defendants from certifying or approving any election to be held in the Clayton County BOE Districts as currently configured;

(c)     That the Court permanently enjoin Defendants from conducting elections or qualifying for such elections for the Clayton County School Board until this Court or the Georgia General Assembly enacts the Clayton County Board of Education's proposed redistricting plan;

(d)     That the Court award costs and attorney's fees to Plaintiffs pursuant to 42 U.S.C. § 1988 or as otherwise authorized by law; and

(e)     That the Court grant Plaintiffs such additional and further relief as the Court deems just and proper.

This 11th day of May, 2012.

**BROCK, CLAY, CALHOUN & ROGERS, LLC**
Attorney for Plaintiffs

*/s/ Todd E. Hatcher*
Todd E. Hatcher, Esq.
Georgia Bar No. 337507
thatcher@brockclay.com
Aric M. Kline, Esq.
Georgia Bar No. 014020
akline@brockclay.com
400 Galleria Parkway
Suite 1440
Atlanta, GA  30339
Telephone:  (770) 422-1776
Facsimile:  (678) 784-3572

1350371_1