UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DR. PAM ADAMSON, WANDA SMITH,
OPEHLIA BURROUGHS, MARY BAKER,
DR. ALIEKA ANDERSON, and
CHARLTON BIVENS, in their
official capacities as members
of the Clayton County Board of
Education and individually as
residents and voters in the
Clayton County School
District,

       Plaintiffs,

     v.

CLAYTON COUNTY ELECTIONS AND
REGISTRATION BOARD, ROBERT P.
BOLIA, PATRICIA PULLAR, RUTH
F. ASH, VIVIAN BALDWIN, and
JIM CONSTABLE, in their
official capacities as members
of the Clayton County
Elections and Registration
Board, and the STATE OF
GEORGIA, as representative of
the Georgia Legislature,

       Defendants.

CIVIL ACTION

NO. 1:12-CV-1665-CAP

**O R D E R**[1]

This matter is before the court on the plaintiffs' motion for

temporary restraining order and preliminary injunction pursuant to

Federal Rule of Civil Procedure 65 [Doc. No. 12]. The motion

requests that the court halt the election process for the Clayton

---

[1] Based on the representation of counsel for the plaintiffs,
the court has changed the style of the case by correcting the name
of the first named plaintiff to Dr. Pam Adamson instead of Dr. Pam
Anderson, which was inadvertently used in the complaint.

County Board of Education ("BOE") because the current apportionment of citizens among the nine BOE districts is so disproportionate that it violates the "one-person, one-vote" principles of the Constitution.

The court held a hearing on May 23, 2012. Counsel for all parties had notice and participated in the hearing. Counsel for all parties stipulated that a TRO and preliminary injunction was appropriate in this case, and counsel for the defendants waived the right to respond in writing to the motion and further waived any additional notice of the hearing.

"A district court should grant a preliminary injunction only if the moving party clearly shows: (1) a substantial likelihood that it will succeed on the merits; (2) that it will suffer irreparable harm unless the injunction issues; (3) that the potential injury outweighs possible harm to the opposing party; and, (4) that the injunction would not be adverse to the public interest." Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154, 159 (11th Cir. 1990). The decision to grant a preliminary injunction is within the broad discretion of the trial judge. Id. The purpose of a preliminary injunction is to maintain the status quo between the parties and to prevent irreparable harm pending a trial on the merits of the case; it is not a decision on the ultimate

disposition of the lawsuit. <u>McArthur v. Firestone</u>, 817 F.2d 1548, 1552 (11th Cir. 1987).

**1.   Likelihood of success on the merits**

The plaintiffs' motion, the complaint, and the evidence and argument presented at the hearing tend to show that the borders of the current BOE districts were drawn as a part of reapportionment following the 2000 decennial census. The results of the 2010 census indicate that the growth and shifting population patterns among the districts has resulted in large population variances. For example, the largest district under the current map has a population of over 37,000, while the smallest has under 22,000. Nevertheless, the Georgia General Assembly failed to take the necessary actions to approve a new map to reapportion voters into districts with comparable populations. The court finds that there is a substantial likelihood that the variances violate the "one-person, one-vote" principle of the Equal Protection clause of the Fourteenth Amendment because the voting strength of individual voters in some districts would be disproportionately less than that of individual voters in other districts. <u>See</u> <u>Smith v. Cobb County Board of Elections and Registrations</u>, 314 F. Supp. 2d 1274, 1284-85 (N.D. Ga. 2002) (explaining the applicability of the principle and stating, "[W]hen members of an elected body are chosen by popular vote from separate districts, each district must be established so

3

that equal numbers of voters can vote for proportionally equal numbers of officials.").

## 2. Irreparable harm

The court further finds that, without the injunctive relief requested by the plaintiffs, irreparable harm will occur in that the voters of Clayton County will have their rights to meaningfully participate in the election at issue infringed. In addition, failure to halt the election currently planned would likely result in a future challenge to both the election itself and the enactments of the newly elected BOE.

## 3. Weighing of injuries

All parties to this action have agreed to the entry of this temporary restraining order and preliminary injunction. To the extent any adverse party exists, no risk of injury is apparent: the purpose of this order is to maintain the status quo until such time as an appropriate map can be approved.

## 4. Public interest

The entry of this injunction is consistent with the public interest as expressed in the cases explaining the "one-person, one-vote" principle. See Smith, 314 F. Supp. 2d 1284-85 and cases cited therein.

## Conclusion

Accordingly, the plaintiffs' motion [Doc. No. 12] is GRANTED.
Defendants Clayton County Board of Elections, Bolia, Pullar, Ash,
and Baldwin are hereby ENJOINED from proceeding with BOE elections
based on the current BOE districts, including but not limited to
taking any actions to qualify candidates, establish ballots, or
hold elections until further order.

SO ORDERED, this 23rd day of May, 2012.


/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge