```
                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION
```

| | |
|---|---|
| DR. PAM ADAMSON, WANDA SMITH, OPEHLIA BURROUGHS, MARY BAKER, DR. ALIEKA ANDERSON, and CHARLTON BIVENS, in their official capacities as members of the Clayton County Board of Education and individually as residents and voters in the Clayton County School District,<br><br>      Plaintiffs,<br><br>  v.<br><br>CLAYTON COUNTY ELECTIONS AND REGISTRATION BOARD, ROBERT P. BOLIA, PATRICIA PULLAR, RUTH F. ASH, VIVIAN BALDWIN, and JIM CONSTABLE, in their official capacities as members of the Clayton County Elections and Registration Board, and the STATE OF GEORGIA, as representative of the Georgia Legislature,<br><br>      Defendants. | CIVIL ACTION<br><br>NO. 1:12-CV-1665-CAP |

**O R D E R**

In the course of researching this matter, the court has come to the conclusion that it must craft its own remedial map of the Board of Education ("BOE") districts of Clayton County. Because of the court's lack of the necessary skills and resources for crafting such a remedy within the compressed time frame applicable to this case, it has become necessary to engage the services of an

independent technical advisor to assist the court in understanding the redistricting process.

Accordingly, following notice to counsel for the parties and pursuant to the court's inherent power, see Reilly v. United States, 863 F.2d 149, 154-61 (1st Cir. 1988) (citing Ex parte Peterson, 253 U.S. 300 (1920)), the court hereby appoints the Legislative and Congressional Reapportionment Office of the General Assembly of the State of Georgia and its necessary staff, including Regina Harbin Wright, as its independent technical advisor in this matter. The role of the independent technical advisor will be limited to advising the court on the statistical implications (based on the 2010 Census results) of adjusting the boundaries of the BOE districts in Clayton County and otherwise aiding the court in understanding the implications of the adjustments the court deems appropriate.

Communications between the court and the independent technical advisor may be ex parte and shall be considered part of the judicial deliberative process and therefor shall not be subject to disclosure or subpoena except by court order. Any staff of the Legislative and Congressional Reapportionment Office designated to work on this matter shall hold all deliberations and work product in strict confidence unless directed otherwise by the court.

The independent technical advisor charges $250 per hour of service. These and all ancillary costs shall be apportioned in the court's discretion at the conclusion of the independent technical advisor's participation in this matter.

SO ORDERED, this 7th day of June, 2012.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL JR.
United States District Judge